**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

86 Chambers Street
New York, New York 10007

August 27, 2021

<u>Via ECF and email</u>
Hon. John P. Cronan
United States District Judge
United States District Court
500 Pearl Street
New York, New York 10007

*Plaintiff is ordered to respond by September 1, 2021 explaining its position on whether a stay or briefing on a motion to dismiss is appropriate.*

SO ORDERED.
Date: August 30, 2021
New York, New York

JOHN P. CRONAN
United States District Judge

Re: *Desai v. Jaddou*, No 21 Civ. 5468 (JPC)

Dear Judge Cronan:

This Office represents the government in the above referenced action in which the plaintiff seeks an order compelling U.S. Citizenship and Immigration Services ("USCIS") to adjudicate her Application for Employment Authorization (Form I-765) and Application for Travel Document (Form I-131). I respectfully submit this pre-motion letter in anticipation of the government's intended motion to dismiss for lack of subject matter jurisdiction and failure to state a claim.

By way of background, in 1990, Congress amended the Immigration and Nationality Act ("INA") to provide for classification of "employment creation" immigrants who invest lawfully acquired capital in new commercial enterprises in the U.S. that create full-time employment for U.S. workers. *See* Immigration Act of 1990, Pub. L. No. 101-649, § 121(a) (Nov. 29, 1990) (codified at 8 U.S.C. § 1153(b)(5)). This classification is also known as the EB-5 classification. *See generally* 8 C.F.R. § 204.6. If the alien investor participates in an economic regional center under the EB-5 Immigrant Investor Program, also known as the "Regional Center Program," she may satisfy the employment creation requirement by establishing that her investment will create jobs indirectly, as demonstrated by reasonable methodologies. *See* 8 C.F.R. §§ 204.6(j)(4)(iii), (m)(7)(ii). An investor takes the initial step of qualifying for an EB-5 visa by filing a Petition for Alien Entrepreneur (Form I-526) with USCIS. *See, e.g.*, *Lin Liu v. Smith*, 515 F. Supp. 3d 193, 195 (S.D.N.Y. Jan. 25, 2021).

Plaintiff filed an I-526 under the Regional Center Program, which was approved in March 2020. In June 2020, she filed three applications with USCIS, namely, an Application to Register Permanent Residence or Adjust Status (I-485) based on her approved I-526, as well as the I-765 and I-131 that are the subject of this litigation. These latter two applications are for "interim benefits" while an I-485 is pending. In June 2021, plaintiff filed this action alleging that USCIS has unreasonably delayed adjudicating her I-765 and I-131.

Since the filing of the complaint, the statutory authorization for the Regional Center Program expired on June 30, 2021. Section 610 of the Departments of Commerce, Justice, and State, the Judiciary, and Related Agencies Appropriations Act, 1993, Pub. L. No. 102-395, 106 Stat. 1828 (1992), as amended; Div. O, Title I, Sec. 104 of the Consolidated Appropriations Act, 2021, Pub. L. No. 116-260 (2020). Although Congress has renewed the Regional Center Program in the past after similar lapses, whether or when Congress may do so again is unclear. Rather than

taking immediate adverse action based on the lapse, USCIS announced that, at the present time, it will follow the procedures that it has followed during past lapses in statutory authorization related to the Regional Center Program and not act on any pending applications that are dependent on the lapsed statutory authority.  *See* https://www.uscis.gov/working-in-the-united-states/permanent-workers/eb-5-immigrant-investor-program (last visited Aug. 26, 2021).

The Anticipated Motion to Dismiss

Due to the statutory expiration of authorization for the Regional Center Program, plaintiff's alleged injuries are not redressable.  In like circumstances involving alleged delays in the government's processing of immigration benefits, courts have dismissed plaintiffs' claims as moot.  In *Agarwal v. Renaud*, a case involving a similar challenge to the agency's alleged delay in adjudicating Regional Center Program related applications, the court dismissed the complaint and directed that plaintiff could "refile in the event Congress reauthorizes [the] program." *See Agarwal v. Renaud*, No. 21 Civ. 3925 (VC), Minute Entry and slip op. (N.D. Cal. July 16, 2021) (Dkt. Nos. 28 and 29).  During the corresponding hearing on the record, the *Agarwal* court noted that the Regional Center Program's lapse had rendered plaintiff's claims moot because there was no longer a redressable claim or a live case or controversy.  *See Agarwal*, Dkt. Nos. 28 and 29.  Courts have also dismissed similar cases as moot where they were unable to grant meaningful relief.  *See, e.g.*, *Mohamed v. Gonzales*, 436 F.3d 79, 80 (2d Cir. 2006).

"The mootness doctrine, which is mandated by the 'case or controversy' requirement in Article III of the United States Constitution, requires that federal courts may not adjudicate matters that no longer present an actual dispute between parties." *Catanzano v. Wang*, 277 F.3d 99, 107 (2d Cir. 2001).  "When a case becomes moot, the federal courts lack[ ] subject matter jurisdiction." *Fox v. Bd. of Trs. of State Univ. of N.Y.*, 42 F.3d 135, 140 (2d Cir. 1994).  Here, Congress's inaction in renewing authorization for the Regional Center Program means that "no controversy now exists with respect to this claim and it is therefore moot."  *Catanzano*, 277 F.3d at 107.

Plaintiff's I-485 application cannot be adjudicated because the Regional Center Program's statutory authorization elapsed in June 2021.  USCIS has no authority to approve I-485s submitted based on the Regional Center Program.  And USCIS is not presently adjudicating pending I-765 and I-131 that were based upon I-485 applications submitted pursuant to the Regional Center Program.[1]  As a recent court concluded in staying a case due to the program sunset: "[t]he Court concludes that the I-765 and I-131 applications are dependent upon adjudication of the I-485 application for which statutory authorization has lapsed.  Accordingly, the case is hereby stayed pending re-authorization of the I-485 program."  *Kierzek v. Mayorkas*, 221 Civ. 4831 (SVW) (RAO), In Chambers Order (C.D. Cal. July 28, 2021), Dkt. No. 23.  Like in *Agarwal* and *Kierzek*, the Court should dismiss this action as moot (or stay this action pending reauthorization of the program) because, due to the statutory lapse, plaintiff's request for relief is not redressable.[2]

---

[1] If the Court ordered USCIS to adjudicate plaintiff's I-765 and I-131 right now, USCIS would deny her I-485 due to lack of statutory authorization, and then would deny the I-765 and I-131.

[2] The government has obtained on-consent stays of sixty days in other, similar cases to allow time to assess whether the Regional Center Program may be reauthorized.  *See, e.g.*, *Lyons v. United States Citizenship and Immigr. Servs.*, No. 21 Civ. 3661 (JGK), ECF No. 16.  Here, plaintiff has

The government also intends to move to dismiss for failure to state a claim. In assessing reasonableness in the context of agency-delay cases, courts consider the six factors set forth in *Telecomm. Research and Action Ctr. v. FCC*, 750 F.2d 70 (D.C. Cir. 1984) ("*TRAC*"). Courts consider: (1) the time agencies take to act, which must be governed by a "rule of reason;" (2) whether "Congress has provided a timetable;" (3) whether "human health and welfare are at stake," in which case delays are "less tolerable;" (4) the effect of expediting "on agency activities of a higher or competing priority;" (5) the "interests prejudiced by delay;" and (6) whether there has been agency "impropriety" contributing to the delay. *TRAC*, 750 F.2d at 80.

The first *TRAC* factor – the time agencies take to act which must be governed by a rule of reason – weighs in the government's favor. USCIS generally adjudicates the applications at issue here in the order they were filed with a select few applications being expedited subject to criteria set forth by the agency. USCIS's "first-in, first-out" method constitutes a "rule of reason" and satisfies the first factor. *See Ray v. Cuccinelli*, 20 Civ. 6279 (JSC) 2020 WL 6462398, at *9 (N.D. Cal. Nov. 3, 2020). The second factor, which turns on whether Congress has provided a timetable or other indication of the speed with which it expects the agency to proceed in the enabling statute, also weighs in the government's favor, as there is no such mandatory timeframe provided here. *See Skalka v. Kelly*, 246 F. Supp. 3d 147, 153-54 (D.D.C. 2017) ("Congress has given the agencies wide discretion in the area of immigration processing").

Under the third and fifth *TRAC* factors, the Court considers prejudice caused by delay, especially when health and welfare are at stake. While plaintiff complains that she is unable to work without employment authorization, that is true for any I-765 applicant awaiting adjudication. Plaintiff alleges that she is suffering harm from the delay, but apart from her desire to visit her parents in India, she does not specify the alleged harms. Other harms, such as any uncertainty associated with a delay, are inherent to the adjudication process and do not favor plaintiff under *TRAC*. *Fangfang Xu v. Cissna*, 434 F. Supp. 3d 43, 54 (S.D.N.Y. 2020).

Under the fourth factor, granting the relief requested would require the reordering of the agency's priorities and improperly advance plaintiff's applications ahead of others, many of which involve petitioners who are in the same situation as plaintiff. *See Fangfang Xu*, 434 F. Supp. 3d at 55 (noting "harm [to] other applicants[] who are equally deserving of prompt adjudication").

The sixth factor simply "notes that the Court need not find any impropriety lurking behind agency lassitude in order to hold that agency action is unreasonably delayed." *Palakuru v. Renaud*, No. 20 Civ. 2065 (TNM), 2021 WL 674162, at *6 (D.D.C. Feb. 22, 2021). As there is no impropriety here, this factor is neutral.

---

not consented to a stay. Thus, the government is moving forward with a motion to dismiss. However, the government respectfully submits that the parties' (and the Court's) resources would be better served by staying the action to allow time to monitor whether Congress will renew the statutory authorization and to assess the impact of such reauthorization (or lack thereof) on this litigation. The Court has "inherent" power to order stays after weighing relevant "competing interests." *Landis v. North American Co.*, 299 U.S. 248, 254-55 (1936). Therefore, in the alternative, the government requests that the Court grant a stay.

I have conferred with plaintiff's counsel, and should the Court wish to receive briefing at this time (rather than stay this action, as has been done in numerous other cases), the parties respectfully propose the government's motion to dismiss be due September 24, 2021, the plaintiff's opposition be due October 22, 2021, and the government's reply be due November 5, 2021.

I thank the Court for its consideration of this letter.

Respectfully submitted,

AUDREY STRAUSS
United States Attorney for the
Southern District of New York

By:     *s/ Rebecca R. Friedman*
REBECCA R. FRIEDMAN
Assistant United States Attorney
Telephone:  (212) 637-2614
Facsimile:  (212) 637-2686
E-mail:  rebecca.friedman@usdoj.gov

cc:  Counsel of Record (via ECF)